■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAMONT HILL, Respondent. [603 NYS2d 829] —Order of the Supreme Court, New York County (Rena K. Uviller, J.), entered August 13, 1992 setting aside the jury verdict convicting defendant of criminal sale of a controlled substance in the third degree and dismissing the indictment, unanimously reversed on the law and the facts, the jury's verdict reinstated, and the matter is remanded for sentencing.

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620, 621), we conclude that it was legally sufficient to support the defendant's conviction for the sale of crack cocaine to an undercover officer on a theory of accomplice liability. Defendant was seated between two individuals on a park bench. In response to the undercover officer's request for cocaine and at the direction of the individual seated to defendant's right, the individual seated to defendant's left reached across the defendant and handed two vials of cocaine to the individual seated on defendant's right. That individual in turn handed the cocaine to the officer in exchange for $10.00 in prerecorded buy money. After the

undercover officer left, the individual who made the exchange handed the money to the defendant. The defendant had the prerecorded buy money in his possession when he and the two other individuals were apprehended moments later. That evidence supports that conclusion that the defendant acted with his codefendants in furtherance of the sale *(People v Williams,* 172 AD2d 448, *affd* 79 NY2d 803). As in *People v Williams (supra),* we are not willing to suspend our judgment and assume that the defendant was innocently sitting between his codefendants while they sold drugs and then received the buy money for some innocuous reason. Even though the defendant was not seen in possession of the contraband, his possession of the buy money, under the circumstances, was sufficient to sustain his conviction *(People v Williams, supra,* at 449). Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.