(December 18, 2003)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBIN A. COLEMAN, Appellant. [770 NYS2d 144]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Ryan, J.), rendered December 15, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

This Court previously withheld decision on this matter and remitted for County Court to hold a postjudgment *Wade* hearing to determine whether any police suggestiveness tainted the pretrial identification procedure (306 AD2d 549 [2003]). Now that the hearing has been held, we determine that the court properly denied defendant's suppression motion.

At the postjudgment hearing, a detective testified regarding his assembly of the photo array and conducting of the identification process with the confidential informant. The detective arranged six Polaroid photographs, each a straight-on frontal view of the subject's head and shoulders. The photographs' subjects, including defendant and five fillers, were similar in gender, age and physical characteristics, such as weight, hair style, lack of facial hair, race and skin tone. The detective testified that he read instructions for the identification process to the informant from a printed form, which was admitted into evidence. No suggestions were made, either verbally or through body language, regarding which photo she should choose. She was not shown the photos prior to the procedure, nor was she shown the names of the individuals in the photos. The informant immediately identified defendant's photo as representing the person from whom she purchased crack cocaine at the end of October 1999. The informant's testimony confirmed the detective's version of events. County Court (Catena, J.) determined that the identification procedure was reasonable and not unduly suggestive, requiring denial of defendant's motion to suppress the informant's identification.

Although the original photo array was misplaced, a photocopy of the array was admitted at the hearing. That photocopy, along with the testimony concerning the array, provided a sufficient basis to overcome any inference that the array was invalid and to establish that the procedure was not suggestive (*see People v Young*, 261 AD2d 109 [1999], *lv denied* 93 NY2d 1007 [1999]; *People v Cordilione*, 159 AD2d 864, 866 [1990], *lv denied* 76 NY2d 786 [1990]). "[T]he People met their initial burden regarding the reasonableness of their conduct and the lack of suggestiveness in the compilation of the photo array" and "defendant failed to establish that the identification procedure was unduly suggestive" (*People v Conway*, 274 AD2d 663, 664 [2000]). Therefore, defendant's motion to suppress was properly denied.

The jury's verdict was supported by the weight of the evidence. Despite defendant's attacks on the confidential informant as a "crackhead" who made a deal with the People in exchange for her testimony, credibility determinations are reserved for

the jury (*see People v Walts*, 267 AD2d 617, 620 [1999], *lv denied* 95 NY2d 859 [2000]). While the informant's trial testimony alone was sufficient to sustain the convictions, other evidence confirmed that testimony. This was a controlled drug buy. The detectives searched the informant and provided her with marked buy money and a wire. One detective stood with her as she called defendant to arrange a drug deal, and both detectives watched and listened to the transaction over the wire, recovering the crack from the informant directly afterwards. Viewing this evidence in a neutral light, the verdict was not against the weight of the evidence (*see People v McGlocton*, 267 AD2d 614 [1999], *lv denied* 94 NY2d 905 [2000]).

Defendant's conviction of criminal possession of a controlled substance in the seventh degree should be dismissed, consistent with the People's concession that it is a lesser-included offense of criminal possession of a controlled substance in the third degree (*see* CPL 300.40 [3] [b]; *People v Bailey*, 295 AD2d 632, 635 [2002], *lv denied* 98 NY2d 766 [2002]). Under these circumstances, we need not remit for resentencing on the remaining counts.

Given defendant's prior criminal history, we do not find the sentence imposed to be harsh or excessive (*see People v Clough*, 306 AD2d 556, 557 [2003]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of the crime of criminal possession of a controlled substance in the seventh degree; dismiss said count and vacate the sentence imposed thereon; and, as so modified, affirmed.