■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GOLDEN, Also Known as DUKE, Appellant. [804 NYS2d 496]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 13, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree based on the alleged sale of heroin to a confidential informant employed by the City of Albany Police Department. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to 7 to 14 years in prison. Defendant appeals, arguing that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. He asserts that the People failed to establish his identity as the individual who knowingly and unlawfully sold the heroin (see Penal Law § 220.39 [1]). We disagree.

At trial, the confidential informant identified defendant and testified that she was familiar with him, having met him on prior occasions and been to his residence. On the day in question, the confidential informant entered defendant's residence with $25 and purchased heroin from him. Two detectives following the confidential informant stated that she exited defendant's residence with him after a few minutes and that they saw defendant standing outside thereafter. The detectives indicated that the confidential informant gave them one deck of heroin after returning to them. One of the detectives, Stephen Dorn, subsequently spoke with defendant and learned his name and address. Dorn identified defendant at trial.

Viewing this evidence in the light most favorable to the prosecution, we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, considering the evidence in a neutral light and according deference to the jury's opportunity to view the witnesses, hear their testimony and observe their demeanor, we conclude that defendant's conviction was not against the weight of the evidence (*see People v Bleakley, supra* at 495). To the extent that omissions or minor inconsistencies existed in the confidential informant's description of defendant's appearance, her identification of defendant was adequately corroborated by the testimony of the detectives who saw her enter defendant's residence with money to buy heroin and exit the residence with both defendant and the heroin (*see People v Torres*, 19 AD3d 732, 733 [2005], *lv dismissed* 5 NY3d 810 [2005]; *People v Providence*, 14 AD3d 884, 885 [2005], *lv denied* 4 NY3d 856 [2005]).

We are also unpersuaded by defendant's argument that Supreme Court erred in denying his request for a supplemental instruction that the jury could consider testimony based on exhibits that were not received in evidence (*see* CJI2d[NY] Evidence). Contrary to defendant's argument that the jury's consideration of this evidence would have led to his acquittal, the testimony at issue did not cast further doubt on the confidential informant's description of defendant. Reading the court's instructions as a whole against the backdrop of the evidence in this case, "[t]he court's charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification . . . [and] there is little possibility that the failure to expand the charge on identification infected the trial with error" (*People v Knight*, 87 NY2d 873, 874-875 [1995] [citations omitted]; *see People v Whalen*, 59 NY2d 273, 279 [1983]; *People v Rivera*, 256 AD2d 1098, 1099 [1998], *lv denied* 93 NY2d 977 [1999]).

Defendant's remaining arguments have been considered and found to be lacking in merit.

Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.