(January 12, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICKLAS WILLIAMS, Appellant. [806 NYS2d 805]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 1, 2002, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with two counts of criminal sale of a controlled substance in the third degree, arising from two sales of cocaine, two days apart, to a confidential informant. Following a jury trial, he was convicted of both counts and sentenced to two consecutive terms of imprisonment of 5 to 10 years. He appeals.

The jury's verdict was not against the weight of the evidence. Weighing the conflicting evidence and the strength of inferences that may be drawn therefrom (see People v Bleakley, 69 NY2d 490, 495 [1987]), while viewing the evidence in a neutral light, and affording appropriate deference to the credibility determinations made by the jury (see People v Beverly [Priest], 5 AD3d 862, 865 [2004], lvs denied 2 NY3d 796, 804 [2004]), we find no basis upon which to disturb the verdict. On both occasions in which defendant sold the confidential informant a substance which was stipulated at trial to be cocaine, the controlled buys were witnessed by police officers. Prior to each purchase, both the informant and his car were searched. While defendant highlights testimonial inconsistencies regarding the search of the informant's trunk, these variances are not so significant to cause a reversal (see People v Ford, 20 AD3d 816, 818 [2005], lv denied 5 NY3d 828 [2005]). Moreover, we find no merit to the challenge to the informant's testimony based upon a failure of the police to conduct a body cavity search of him prior to the purchase. His testimony presented a credibility issue for the jury to resolve and defendant's conviction was not solely dependent upon that testimony.

Nor was defendant deprived of a fair trial when County Court

permitted, among other things, testimony by the purchaser that he had been threatened by defendant. The resolution of the People's *Molineux* application, made prior to trial, was proper. Moreover, as to the claim that County Court should have offered a limiting instruction regarding that threat, no such request was made to County Court. Recognizing that the issue was unpreserved for our review, were we to address this issue, we would have found the limiting instruction unnecessary since the threat was directly attributable to defendant (*see People v King*, 175 AD2d 266, 266 [1991], *lv denied* 79 NY2d 828 [1991]).

The imposition of consecutive sentences was proper since the sales were not in "close temporal proximity" to each other (*People v Holmes*, 304 AD2d 1043, 1045 [2003], *lv denied* 100 NY2d 642 [2003]). We have considered defendant's other assertions of error including his challenge to the duration of the sentence and assertion of prosecutorial misconduct, and find them to be without merit.

Crew III, J.P., Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.