(February 23, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN McGRAW, Appellant. [809 NYS2d 675]—

Carpinello, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 4, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant was found guilty by a jury of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree for his accessory role in selling cocaine to two undercover police investigators. On appeal, he claims that the verdict was against the weight of the evidence and that the People's summation deprived him of a fair trial. Rejecting both contentions, we affirm.

The trial evidence established that two state police investigators, in conjunction with the City of Kingston police department, were engaged in an undercover buy and bust operation in a particular Kingston neighborhood in February 2001. The investigators pulled up to a group of men, which included defendant and codefendant Mitchell Gardner, and asked for "three for fifty," referring to three pieces of crack cocaine for $50. Gardner ultimately gave them three individually wrapped pieces of a substance, which later tested positive for crack cocaine, in exchange for $50 cash.

Although the two investigators in the vehicle were unable to observe all that was happening outside the vehicle, a Kingston police officer videotaping the transaction confirmed that Gardner approached the vehicle and spoke with its driver. Gardner was then observed by this officer motioning to defendant and two other men with three fingers. This officer then observed items being handed over to Gardner. Defendant was specifically observed fumbling for something in his pocket. After Gardner handed these items over to the undercover investigators in the vehicle, he then gave each of the three men, includ-

ing defendant, a portion of the buy money. The videotape of the transaction was shown to the jury and reviewed by this Court.

Viewing this evidence in a neutral light and deferring to the jury's credibility determinations, we reject defendant's argument that his convictions for the charged crimes as an accomplice (*see* Penal Law § 20.00) are against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Otherwise stated, we conclude that the jury could properly find that defendant intentionally aided Gardner in the possession and sale of cocaine that day (*see e.g. People v Hatch-Green [Lukenbill]*, 20 AD3d 581 [2005], *lvs denied* 5 NY3d 828, 830 [2005]; *People v Dean*, 200 AD2d 582, 582-583 [1994], *lv denied* 83 NY2d 871 [1994]; *People v Clarke*, 195 AD2d 569, 570 [1993], *lv denied* 82 NY2d 752 [1993]; *see generally People v Hill*, 198 AD2d 100, 100-101 [1993]; *People v Williams*, 172 AD2d 448 [1991], *affd* 79 NY2d 803 [1991]).

Finally, to the extent that any errors occurred during the People's summation, they were harmless and do not, whether viewed alone or cumulatively, warrant a new trial.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.