■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL ODOM, Appellant. [826 NYS2d 515]—

Mercure, J. Appeal from a judgment of the County Court of

Otsego County (Burns, J.), rendered September 2, 2005, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in an indictment with two counts of criminal sale of a controlled substance in the third degree after allegedly effectuating two separate sales of crack cocaine to a confidential informant (hereinafter CI) in the City of Oneonta, Otsego County. Following trial, a jury found defendant guilty as charged and County Court sentenced him to an aggregate prison term of eight years, to be followed by two years of postrelease supervision. Defendant now appeals, arguing that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. We disagree.

To establish accomplice liability for criminal sale of a controlled substance in the third degree, the People must prove beyond a reasonable doubt that defendant, in furtherance of the knowing and unlawful sale of a narcotic drug, solicited, requested, commanded, importuned or intentionally aided another person in the commission of the crime (see Penal Law §§ 20.00, 220.39 [1]). The critical inquiry is "whether . . . defendant intentionally and directly assisted in achieving the ultimate goal of the enterprise—the illegal sale of a narcotic drug" (*People v Bello*, 92 NY2d 523, 526 [1998]; *see People v McGraw*, 26 AD3d 666, 667 [2006], *lv denied* 6 NY3d 850 [2006]). Here, detective William Davis stated that on August 27 and September 3, 2004, he provided the CI with defendant's phone number and directed her to request a sale of $200 worth of crack cocaine. After the CI informed Davis that defendant told her to go to the Southside Mall in Oneonta, Davis performed a pat search of the CI and drove her to the mall, where he observed her enter the mall with defendant and another individual. After defendant and his companion left the mall, Davis met and searched the CI, who gave him the crack cocaine.

The CI, who admittedly cooperated with the police for the purpose of reducing an unrelated sentence, testified that she had known defendant for years and that when she called him asking for drugs, he agreed to help her and told her to go to the Southside Mall. She stated that when she met defendant at the mall and asked where she could get drugs, he pointed to his companion, known as "BC," who actually handed her the drugs and took her money. Viewing this evidence in a light most favorable to the prosecution, we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that defendant and BC worked as a team and that defendant intentionally aided BC in

the sale of crack cocaine to the CI (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v McGraw, supra* at 666-667; *People v Golden*, 24 AD3d 806, 806-807 [2005], *lv denied* 6 NY3d 813 [2006]; *see also People v Bello, supra* at 526-528). Further, considering the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley, supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), we conclude that the conviction was not against the weight of the evidence (*see People v Williams*, 25 AD3d 875, 875 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Golden, supra* at 807; *People v Coleman*, 2 AD3d 1045, 1046-1047 [2003]).

We have considered defendant's remaining arguments, including his assertions that his sentence was excessive and should be reduced by this Court in the interest of justice, and conclude that they are lacking in merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.