■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. MARSHALL, Appellant. [834 NYS2d 361]—

Mugglin, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered December 16, 2003, upon a verdict convicting defendant of the crimes of illegal possession of a vehicle identification number (four counts), forgery of a vehicle identification number (three counts) and offering a false instrument for filing in the first degree (three counts).

Following a jury trial, defendant was found guilty of four counts of illegal possession of a vehicle identification number, three counts of forgery of a vehicle identification number and three counts of offering a false instrument for filing in the first degree. Thereafter, defendant was sentenced to concurrent sentences of 90 days of incarceration with five years probation for each count, together with the required fee for crime victim assistance and surcharges. This appeal from the judgment of conviction ensued.

Defendant's single argument—that each of the guilty verdicts was contrary to the weight of the credible evidence—is premised upon his conclusory assertion that the verdicts are supported by nothing but base conjecture. Analyzing the trial evidence in a neutral light (*see People v Gilliam*, 36 AD3d 1151, 1152 [2007]; *People v Zabala*, 290 AD2d 578, 579 [2002], *lv denied* 97 NY2d 735 [2002]) and according the required deference to the jury's credibility assessments, we conclude that the verdicts were not contrary to the weight of the credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Odom*, 36 AD3d 1027, 1029 [2007]). The extensive investigation of defendant and his business by the Auto Theft Unit of the Department of Motor Vehicles revealed that defendant had engaged in a pattern of repairing and restoring stolen vehicles, affixing fraudulent vehicle identification numbers thereto and registering them with the Department of Motor Vehicles as completely different

vehicles. As a result of this investigation, a search warrant was obtained for defendant's business premises resulting in a search which produced the location and seizure of a number of stolen vehicles, assorted vehicle identification number plates and related items. Moreover, defendant gave an extensive written statement to a State Police investigator that detailed how he would remove vehicle identification numbers from one vehicle, attach them to a different vehicle and then knowingly register that vehicle with false information and a false vehicle identification number affixed. Defendant candidly admitted preparing false documentation in order to obtain vehicle registrations. Under these circumstances, the record contains significant direct evidence of defendant's guilt, relieving the jury of the necessity to make or rely upon inferences that could be drawn from the evidence.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.