■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. THADDIES, Appellant. [855 NYS2d 740]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 12, 2007, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

On two separate occasions, a confidential informant made controlled buys of cocaine from defendant. After a trial where the informant and four police officers testified, the jury convicted defendant of two counts of criminal sale of a controlled substance in the third degree. Defendant appeals.

The People were not required to provide corroboration of the informant's testimony pursuant to CPL 60.22. "An informant acting as an agent of the police without the intent to commit a crime is not an accomplice whose testimony requires corroboration" (*People v Brown*, 2 AD3d 1423, 1424 [2003], *lv denied* 1

NY3d 625 [2004] [citations omitted]; *see People v Arrington*, 31 AD3d 801, 804 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Tillman*, 289 AD2d 1006, 1007 [2001], *lv denied* 97 NY2d 734 [2002]; *cf. People v Cona*, 49 NY2d 26, 34 [1979]). The informant's testimony, along with the laboratory reports proving that the substance she purchased on each occasion was cocaine, provided sufficient evidence to support the charges. While there were many reasons to question the informant's credibility, those issues were presented to the jury. Giving deference to the jury's determination to accept her testimony as credible, the verdict was not against the weight of the evidence (*see People v Walton*, 16 AD3d 903, 904 [2005], *lv denied* 5 NY3d 796 [2005]).

We will not consider defendant's arguments concerning County Court's jury charge, as defendant did not object to the charge or request the instructions now raised (*see People v James*, 75 NY2d 874, 875 [1990]; *People v Mahan*, 195 AD2d 881, 882 [1993]).

Lastly, defendant contends that his counsel rendered ineffective assistance by failing to request a jury instruction on the agency defense for one of the drug sales. An agency defense would have been inconsistent with the defense pursued at trial, namely that defendant was not the individual who sold cocaine to the informant (*see People v McVey*, 289 AD2d 260, 260 [2001], *lv denied* 97 NY2d 758 [2002]; *People v Leigh*, 232 AD2d 904, 906 [1996], *lv denied* 89 NY2d 1037 [1997]). It was therefore reasonable for counsel not to request an agency instruction.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.