◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC CHATHAM, Appellant. [865 NYS2d 402]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered May 11, 2006, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the third degree (two counts) and attempted criminal sale of a controlled substance in the third degree.

Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the third degree (two counts) and attempted criminal sale of a controlled substance in the third degree and sentenced to concurrent prison terms, the longest of which was 4 to 12 years, followed by two years of postrelease supervision.

Initially, we are unpersuaded by defendant's contention that County Court erred in denying his motion to suppress the pretrial identification. The photo array and testimony at the *Wade* hearing provided prima facie evidence that the identification procedure employed was reasonable and not unduly suggestive

(*see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Coleman*, 2 AD3d 1045, 1046 [2003]). Thereafter, the burden shifted to defendant to establish that the identification was infected by impropriety or undue suggestiveness (*see People v Chipp*, 75 NY2d at 336; *People v Coleman*, 2 AD3d at 1046), which defendant failed to do here.

Next, defendant contends that the evidence was legally insufficient and the verdict was against the weight of the evidence. The proof at trial established that in connection with an investigation into potential drug trafficking at defendant's residence, police investigators employed a confidential informant who had previously proven reliable. After searching the *confidential informant, investigators fitted him with a wire*, provided him with buy money and escorted him to an area near defendant's apartment. The confidential informant testified that on two occasions he purchased a plastic bag of crack cocaine from defendant which he gave to the investigators. The confidential informant also indicated that while attempting to purchase cocaine a third time, defendant, after throwing a *plastic bag* on the ground, was arrested prior to consummating the sale. The contents of all three plastic bags tested positive for cocaine. Audiotape recordings of the controlled buys were played for the jury. We also note that the investigators did not observe the actual drug-sale transactions, but testified as to other corroborating details and seeing defendant possess a plastic bag that he discarded just prior to his arrest.

Viewing the evidence in a light most favorable to the People, we find that there is a valid line of reasoning and permissible inferences from which the jury could rationally conclude that defendant, with the requisite intent, possessed narcotics, selling them on two occasions and attempting to sell them on another (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]; *People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]). Furthermore, we note that the testimony of the confidential informant was not incredible as a matter of law (*see People v Ward*, 27 AD3d at 777; *People v Holliman*, 12 AD3d 773, 775 [2004], *lv denied* 4 NY3d 831 [2005]) and, weighing the probative force of the conflicting testimony and the relative strength of any conflicting inferences which may be drawn therefrom, as well as giving due deference to the jury's credibility assessments, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

To the extent that defendant contends that he was denied the

effective assistance of counsel, we find that the record, viewed in totality and at the time of representation, demonstrates that he was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Burch*, 45 AD3d 1188, 1189-1190 [2007]). Finally, we find no abuse of discretion warranting a reduction of the sentence in the interest of justice.

Defendant's remaining contentions raised in his pro se brief have been reviewed and are either without merit or involve matters outside the record.

Carpinello, Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.