■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CARTER, Also Known as BK, Appellant. [868 NYS2d 378]—

Rose, J.

Following a confidential informant's controlled and monitored buy of crack cocaine from a person she knew as "BK," defendant was arrested and indicted for the crime of criminal sale of a controlled substance in the third degree. When he moved for a *Wade* hearing based on the informant's identification of him from a single photo array, County Court held a *Rodriguez* hearing. Given the testimony at that hearing, the court concluded that the informant's identification was confirmatory in nature and, thus, a *Wade* hearing was unnecessary. Later, at the jury trial, the informant identified defendant in court and independent evidence connected him to the vehicle observed at the scene. The jury found defendant guilty and County Court sentenced him, as a second felony offender, to a prison term of seven years with three years of postrelease supervision.

Initially, we cannot agree with defendant that County Court erred in permitting the confidential informant to identify him at trial. A *Wade* hearing is not required when the witness is so familiar with the defendant "that there is 'little or no risk' that police suggestion could lead to a misidentification" (*People v*

*Rodriguez*, 79 NY2d 445, 450 [1992]; *see People v Dixon*, 85 NY2d 218, 224 [1995]; *People v Coleman*, 306 AD2d 549, 550 [2003]). To demonstrate that suggestiveness is not a concern, the People bear the burden of proving the witness's familiarity with the defendant at a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d at 452). Here, a police officer testified that the confidential informant, who had worked with him for three or four months prior to the controlled buy, had told him that the person she knew as BK lived in her area and that she had seen BK at least three or four times per week over a period of one year. The officer also testified that the person known to the informant as BK was, in fact, defendant. This uncontroverted evidence established a prior relationship that was more extensive than a few brief encounters and showed that the informant was sufficiently well-acquainted with defendant to make a misidentification unlikely (*see People v Graham*, 283 AD2d 885, 887-888 [2001], *lv denied* 96 NY2d 940 [2001]). Thus, the evidence at the *Rodriguez* hearing sufficiently established the informant's familiarity with defendant and no *Wade* hearing was necessary.

Defendant also argues that the verdict was against the weight of the evidence because the confidential informant was the only one who identified him as the seller and her testimony was not reliable. While it is true that the informant's testimony varied in some respects from her earlier statements, she was subjected to cross-examination and those issues were fully explored at trial for the jury's consideration. In addition, her testimony was corroborated by the testimony of the detectives monitoring the buy and other independent evidence identifying defendant as the person who rented the car observed at the scene. Giving deference to the jury's determination to accept the informant's testimony as credible, we cannot say that the verdict was against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Thaddies*, 50 AD3d 1249, 1250 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Odom*, 36 AD3d 1027, 1029 [2007]).

We have considered defendant's remaining contentions and find them to be unavailing.

Mercure, J.P., Spain, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.