■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DOUGLAS, Appellant. [869 NYS2d 272]—

Rose, J.

After a jury found defendant guilty of both criminal sale and criminal possession of a controlled substance in the third degree, he moved pursuant to CPL 330.30 (2) to set aside the verdict based upon evidence that, during the trial, a juror had improper out-of-court conversations about the case with a third party. County Court held a hearing and denied defendant's motion, crediting the juror's testimony that he had no knowledge of any prejudicial information as a result of the out-of-court communication. Defendant was sentenced as a second felony offender to two concurrent prison terms of 12 years and a three-year period of postrelease supervision, and he now appeals.

Defendant contends initially that the evidence was legally insufficient to identify him as the person who sold cocaine to a confidential informant because the informant did not testify. An undercover police officer, however, witnessed the sale and identified defendant. The officer, who was in the informant's vehicle only a few inches away from the informant and defendant at the time of the sale, testified that he saw defendant approach the prearranged location in a white SUV, exit the SUV and come over to the informant's vehicle. The officer then watched as the informant passed money to defendant and received, in exchange, a packet of what was later determined to be cocaine. Thus, the record contains legally sufficient evidence linking defendant to the sale in question (see People v Ellis, 45 AD3d 1048, 1050 [2007], lv denied 10 NY3d 764 [2008]; People v Stephens, 31 AD3d 890, 891 [2006], lv denied 7 NY3d 870 [2006]; People v Golden, 24 AD3d 806, 807 [2005], lv denied 6 NY3d 813 [2006]). In addition, the undercover officer testified that he recognized

defendant at the time of the sale as someone whom he had observed on a previous occasion. Also, the sale was monitored from a distance by backup officers, one of whom testified that defendant was known to him and, when he drove by the site immediately after the sale was complete, he observed defendant standing nearby. The backup officer also testified that he wrote down the license number of the white SUV and found that it was registered to defendant's girlfriend. Viewing this evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, we cannot conclude that the verdict was against the weight of the evidence (*see People v Folk*, 44 AD3d 1095, 1097 [2007], *lv denied* 9 NY3d 1006 [2007]; *People v Williams*, 25 AD3d 875, 875 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Golden*, 24 AD3d at 807).

Nor are we persuaded by defendant's argument that the juror's misconduct deprived him of a fair trial. While CPL 330.30 (2) provides that a verdict may be set aside upon a showing that a juror's improper conduct has "affected a substantial right of the defendant" (*see People v Clark*, 81 NY2d 913, 914 [1993]), "juror misconduct does not entitle a defendant to a new trial" in the absence of a showing of prejudice (*People v Irizarry*, 83 NY2d 557, 561 [1994]). "[N]ot every misstep by a juror rises to the inherently prejudicial level at which reversal is required" (*People v Brown*, 48 NY2d 388, 394 [1979]), and the trial court is afforded wide discretion in determining a claim of improper juror influence (*see People v Genovese*, 10 NY2d 478, 482 [1962]; *People v Simmons*, 213 AD2d 433, 433 [1995], *lv denied* 86 NY2d 741 [1995]). Deferring to County Court's assessment of credibility here (*see e.g. People v Cabrera*, 305 AD2d 263, 263 [2003], *lv denied* 100 NY2d 560 [2003]), we find evidence in the record supporting the court's determination that the juror had no knowledge of any prejudicial information. Thus, it was not an abuse of discretion to deny defendant's motion to set aside the verdict (*see People v Rodriguez*, 100 NY2d 30, 35 [2003]; *People v Fogarty*, 12 AD3d 854, 857 [2004], *lv denied* 4 NY3d 763 [2005]; *People v Martin*, 177 AD2d 715, 716 [1991], *lv denied* 79 NY2d 921 [1992]).

We have considered defendant's remaining arguments, including the contention that his sentence is harsh and excessive, and find them to be without merit.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.