■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILES, Appellant. [876 NYS2d 551]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 20, 2007, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On October 5, 2006, Albany Police Detective Richard Gould and State Police Investigator Carla DiRienzo, as part of a drug investigation they were conducting in the City of Albany, employed a paid informant who made a controlled buy of cocaine from defendant. After completing their investigation, defendant was arrested and charged by indictment with criminal sale of a controlled substance in the third degree. After a trial, he was convicted as charged and was sentenced to seven years in prison, to be followed by two years of postrelease supervision. Defendant now appeals arguing that his conviction is not supported by the weight of the credible evidence and that the sentence imposed was harsh and excessive.

Specifically, defendant claims that the informant was not thoroughly searched—or controlled by the police prior to being sent out on the investigation—and, as a result, the informant could have had cocaine on his person prior to having any contact with defendant. In that regard, Gould testified—and the informant confirmed—that Gould searched the informant twice that day, the second search being performed shortly before the informant entered defendant's residence and purchased the cocaine. In addition to testifying that no contraband was found on the informant during either search, Gould also testified that the informant was under the constant surveillance of the police from the time he left the police vehicle to when he entered defendant's residence and, again, upon leaving the residence and returning to their vehicle. In addition, the informant was wearing an electronic transmitter that allowed the police to monitor and record the conversation that he had with defendant before and at the time of the sale. A tape recording of these conversations and, in particular, the negotiations between the informant and defendant was admitted into evidence and played for the jury.

Defendant also argues that the informant's testimony and that of Gould was simply not believable and should have been discounted. The credibility of both witnesses was an issue that was fully litigated at trial and properly presented to the jury for its consideration (see People v Chatham, 55 AD3d 1045, 1046 [2008]; People v Thaddies, 50 AD3d 1249, 1250 [2008], lv denied 10 NY3d 965 [2008]), and we cannot say that either witness's testimony was incredible as a matter of law (see People v

*Douglas*, 57 AD3d 1105, 1106 [2008]; *People v Carter*, 57 AD3d 1017, 1018 [2008]). Viewing all of the evidence in a neutral light and according appropriate deference to the jury's assessment of the credibility of the witnesses who testified at trial (*id.*), defendant's conviction was supported by the weight of the credible evidence introduced at trial.

Given defendant's extensive criminal history, which includes two prior felony convictions, defendant's sentence—which was not the maximum sentence permissible by law (*see* Penal Law § 70.70 [2] [a])—was not harsh or excessive. In addition, we find no abuse of discretion or the existence of any extraordinary circumstances that would warrant the reduction of the sentence in the interest of justice (*see People v Guthrie*, 57 AD3d 1168, 1170 [2008]).

Cardona, P.J., Mercure, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed.