■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZIZA T. LAWAL, Also Known as T, Also Known as TINA, Appellant. [900 NYS2d 515]—

Garry, J. Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered October 9, 2008, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

In March 2007, a confidential informant (hereinafter CI) contacted the Gloversville Police Department with information about a person named "T" or "Tina" who allegedly sold crack cocaine. Thereafter, the CI made two controlled buys of crack cocaine several hours apart at a laundromat in the City of Gloversville, Fulton County. After the CI identified defendant's photograph in a six-picture photo array as the person who sold him the crack cocaine, defendant was charged by a six-count indictment. Her motion to suppress the identification as unduly suggestive was denied after a *Wade* hearing. Following a jury trial, defendant was convicted of two counts of criminal possession of a controlled substance in the third degree and two counts of criminal sale of a controlled substance in the third degree, and sentenced to concurrent prison terms of two years on each count, to be followed by two years of postrelease supervision. Defendant now appeals.

Defendant contends that her suppression motion should have been granted because the pretrial identification procedure used by the police was unduly suggestive. We find that the People

---

met their initial burden to establish that the police conduct was reasonable and their procedure was not unduly suggestive, and that defendant did not meet her ultimate burden "to establish that the identification was infected by impropriety or undue suggestiveness" (*People v Chatham*, 55 AD3d 1045, 1046 [2008]; *see People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *People v Coleman*, 2 AD3d 1045, 1046 [2003]). The officer who prepared the photo array testified that he selected five photographs of women in defendant's age range with similar hairstyles and ethnic backgrounds from an internal police database. Defendant's photograph was not in the database and had to be obtained from a different source; as a result, its background was blank, while the other pictures had lines in the backgrounds. " 'A photo array is unduly suggestive if some characteristic of one picture draws the viewer's attention in such a way as to indicate that the police have made a particular selection' " (*People v Davis*, 18 AD3d 1016, 1018 [2005], *lv denied* 5 NY3d 805 [2005], quoting *People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]). County Court correctly found that the minor background differences in this array were not sufficient to draw particular attention to defendant's picture, in light of various similar and dissimilar factors; as the court noted, the other pictures also did not have perfectly identical backgrounds (*see People v Hunter*, 273 AD2d 500, 502 [2000], *lv denied* 95 NY2d 935 [2000]; *People v Brown*, 169 AD2d 934, 935 [1991], *lv denied* 77 NY2d 958 [1991]). It further bears noting that before viewing the photographs, the CI was instructed to ignore markings or numbers or other differences in type or style.

The fact that the CI was initially told that the array would include a photograph of a person whom police believed to be the suspect was insufficient to contaminate the identification (*see People v Rodriguez*, 64 NY2d 738, 740 [1984]; *see also People v Buxton*, 189 AD2d 996, 997 [1993], *lv denied* 81 NY2d 1011 [1993]), particularly since he was instructed just before he viewed the array that the suspect's photograph might or might not be included. Finally, although the People bore no burden to produce evidence of an independent source for an in-court identification in these circumstances (*see People v Gragnano*, 63 AD3d 1437, 1439 [2009], *lv denied* 13 NY3d 939 [2010]), we note that the CI testified that he had met defendant on at least 10 previous occasions (*see People v Richardson*, 9 AD3d 783, 786-787 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Jones*, 301 AD2d 678, 679-680 [2003], *lv denied* 99 NY2d 616 [2003]). Thus, defendant's motion to suppress was properly denied.

Defendant further contends that the evidence identifying her

as the person who sold crack cocaine to the CI was legally insufficient to support her convictions and that the convictions were against the weight of the evidence. The proof at trial established that a police officer who observed the controlled buys saw, in each transaction, the CI enter the laundromat, leave it with a woman, and sit with her briefly in a tan car parked nearby, after which the CI turned over crack cocaine to police. Although the observing officer was too far away to identify the woman's features, he testified that in both transactions the woman and the car appeared to be the same. Police traced the car's license plate number and determined that it was the same as on a vehicle rented to defendant. On the next day, a different police officer watched a woman arrive at the CI's residence in a tan car, enter the residence, and leave it again. During the trial, this officer identified defendant as the woman he saw at the CI's residence, and the CI identified her as the woman from whom he purchased drugs.

As to the CI's credibility, although he had admittedly used drugs in the past and was working with police in an attempt to reduce charges against another individual in an unrelated matter, the proof established that police had worked with him on previous occasions and had found him to be reliable. It is the province of the jury to resolve such credibility issues, and its opportunity to hear testimony and observe witness demeanor is to be accorded great deference (*see People v Burroughs*, 64 AD3d 894, 897 [2009], *lv denied* 13 NY3d 794 [2009]). Further, although defendant points to certain minor inconsistencies in the CI's testimony, adequate corroboration was provided by the officers who observed the transactions and identified the vehicle (*see People v Golden*, 24 AD3d 806, 807 [2005], *lv denied* 6 NY3d 812 [2006]; *People v Coleman*, 2 AD3d at 1047).* Thus, viewing the evidence in the light most favorable to the People, we find "a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Marshall*, 65 AD3d 710, 711 [2009], *lv denied* 13 NY3d 940 [2010]; *see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in a neutral light, we conclude that the convictions are not against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Carter*, 57 AD3d 1017, 1018 [2008], *lv denied* 12 NY3d 781 [2009]).

---

* There is no merit to defendant's claim that proof of the location of the crimes was inadequate. The CI's testimony that the controlled buys took place on South Main Street in Gloversville was sufficient to permit the jury to conclude that the crimes occurred in Fulton County (*see People v Peterson*, 194 AD2d 124, 127 [1993], *lv denied* 83 NY2d 856 [1994]).

Finally, we decline to disturb defendant's sentence on the ground that it is harsh or excessive. " 'Absent a clear abuse of discretion or the existence of extraordinary circumstances, a trial court's exercise of discretion in imposing what it considers to be an appropriate sentence will not be disturbed' " (*People v Elliot*, 57 AD3d 1095, 1097 [2008], *lv denied* 12 NY3d 783 [2009], quoting *People v May*, 301 AD2d 784, 786 [2003], *lv denied* 100 NY2d 564 [2003]). No such abuse of discretion or extraordinary circumstances have been shown.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

