■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID H. ROSE, Appellant. [912 NYS2d 347]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 20, 2009, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was arrested and charged with criminal sale of a controlled substance in the third degree after allegedly selling cocaine to a confidential informant (hereinafter CI). Following a

jury trial, he was convicted as charged and sentenced to four years in prison followed by three years of postrelease supervision. Defendant appeals, and we affirm.

Defendant's challenge to the legal sufficiency of the evidence is unpreserved due to his failure to make a particularized trial motion to dismiss identifying the specific deficiencies now alleged (see People v Garrow, 75 AD3d 849, 850 [2010]; People v Burdick, 72 AD3d 1399, 1400-1401 [2010]). Furthermore, after reviewing the evidence in a neutral light and according deference to the jury's ability to observe the witnesses and assess their credibility, we are satisfied that defendant's conviction was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]; People v Kennedy, 75 AD3d 766, 767 [2010], lv denied 15 NY3d 853 [2010]).

The trial evidence established that police investigators from the Endicott Police Department employed the CI, who had been utilized often in the past and had proven to be reliable, to engage in a controlled buy from an individual named "Doc." After calling "Doc" to arrange the buy, the CI was searched, provided with five $20 bills in marked buy money and transported by the investigating officers to the agreed-upon location. While under constant police surveillance, the CI accompanied defendant in his truck and the two drove around for approximately 10 minutes. Although the investigators did not observe the transaction, the CI testified that during the drive he exchanged the marked money for a plastic wrapped, marble-sized ball of cocaine which defendant spit from his mouth. After exiting defendant's vehicle, the CI was picked up by the investigating officers and he turned over a substance that forensic testing later revealed to be cocaine. A pat-down search of the CI upon arrival back at the police station again revealed no drugs or money on his person. Shortly after the transaction, defendant was found by police to be in possession of the prerecorded buy money.

Although defendant denied making a sale and presented an innocent explanation as to why he met with the CI and how he came into possession of the prerecorded buy money, the jury was free to reject this version of events (see People v Malcolm, 74 AD3d 1483, 1485 [2010]; People v Bradley, 272 AD2d 635, 636 [2000]; People v Wells, 159 AD2d 799, 799-800 [1990]). Defendant's claim that the CI could have secreted the cocaine on his person since he was subjected to a pat search, rather than a strip or body cavity search, before the transaction, and the fact that the CI admittedly had a history of cooperating with the police in lieu of cash payments and the dismissal of criminal

charges were fully litigated at trial and properly presented to the jury for its consideration (*see People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]; *People v Williams*, 25 AD3d 875, 875 [2006], *lv denied* 6 NY3d 854 [2006]; *People v Holliman*, 12 AD3d 773, 775 [2004], *lvs denied* 4 NY3d 764, 831 [2005]). Giving deference to the jury's implicit resolution of these issues, we cannot say that the verdict was contrary to the weight of the evidence (*see People v Carter*, 57 AD3d 1017, 1018 [2008], *lv denied* 12 NY3d 781 [2009]; *People v Thaddies*, 50 AD3d 1249, 1250 [2008], *lv denied* 10 NY3d 965 [2008]; *People v Stephens*, 31 AD3d at 891).

Nor are we persuaded that defendant's sentence is harsh and excessive. In light of defendant's lengthy criminal history spanning over 30 years, which includes numerous convictions for drug-related crimes, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Robinson*, 72 AD3d 1277, 1278 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]).

Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.