THIRD DEPARTMENT, AUGUST, 2011

(August 4, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMELL STEVENS, Also Known as MURDER, Appellant. [928 NYS2d 146]—

Malone Jr., J.

Defendant was charged in a two-count indictment with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. These charges arose from a controlled buy of cocaine that occurred between defendant and a confidential informant (hereinafter CI) in the City of Schenectady, Schenectady County on July 17, 2007. Following a trial, a jury found defendant guilty of the charges in the indictment. Defendant was then sentenced, as a second felony offender, to 10 years in prison and two years of postrelease supervision on each count, to run concurrently. Defendant appeals.

Initially, defendant challenges the weight and legal sufficiency of the evidence.* Upon a review of the record, we are satisfied

---

* Defendant's argument regarding the legal sufficiency of the evidence is unpreserved because his motion to dismiss was not specifically directed at the errors now alleged (see People v Gray, 86 NY2d 10, 19-22 [1995]). Nevertheless, the evidence adduced at trial as to each of the elements of the crimes is necessarily reviewed in the context of defendant's challenge to the weight of

that the People established beyond a reasonable doubt that defendant both knowingly and unlawfully possessed cocaine with the intent to sell it and knowingly and unlawfully sold cocaine (*see* Penal Law § 220.16 [1]; § 220.39 [1]). Testimony at trial established that, in July 2007, the CI told an investigator with the Division of Parole that an individual operating under the street name "Murder" was selling drugs out of the CI's residence. Defendant was identified as this individual and, after confirming defendant's identity with the CI, the investigator and a detective from the Schenectady County Sheriff's Department arranged for the CI to complete a controlled buy from defendant. The substance bought from defendant by the CI was determined to be cocaine. Although defendant contends that the evidence does not conclusively establish that he was the seller, the CI made in-court and out-of-court identifications of him and, at trial, testified that he was able to identify defendant as the seller because defendant had occupied his apartment for a period of time and because he had previously purchased drugs from defendant. In addition, the CI's identification of defendant as the seller was corroborated by the testimony of the police involved in the controlled buy operation and by the evidence discovered during the execution of a search warrant in the residence where defendant was located (*see People v Lawal*, 73 AD3d 1287, 1289 [2010]; *People v Chatham*, 55 AD3d 1045, 1046 [2008], *lv denied* 14 NY3d 839 [2010]). Under these circumstances, we cannot say that the verdict is against the weight of the evidence.

Next, the testimony at the suppression hearing demonstrated that, contrary to defendant's contention, the pretrial identification procedure was reasonable and not unduly suggestive. The photographs in the array that was shown to the CI depict men of the same race and approximate age as defendant and appear with similar haircuts and facial hair (*see People v Ramos*, 48 AD3d 984, 987 [2008], *lv denied* 10 NY3d 938 [2008], *cert denied* 556 US —, 129 S Ct 1595 [2009]; *People v Rumrill*, 40 AD3d 1273, 1274 [2007], *lv denied* 9 NY3d 926 [2007]), and the CI was instructed to disregard any differences in the style of the photographs (*see People v Lawal*, 73 AD3d at 1288). We are not persuaded that the identification was unduly suggestive because the CI had been shown a photograph of defendant by the investigator prior to the controlled buy. The two photographs were different, and there was no indication that the investigator showed the photograph to the CI to be suggestive. Moreover,

the evidence, which need not be preserved (*see People v Gonzalez*, 64 AD3d 1038, 1040 [2009], *lv denied* 13 NY3d 796 [2009]).

because the CI was independently familiar with defendant, his identification of defendant as the perpetrator was merely confirmatory, and there was little risk that any alleged suggestiveness led to a misidentification (*see People v Sanchez*, 75 AD3d 911, 912 [2010], *lv denied* 15 NY3d 895 [2010]).

Next, County Court did not err by admitting evidence of defendant's prior uncharged crimes and other background information. The evidence regarding defendant's activities, the activities of defendant's organization, his street name and prior drug sales was relevant information to establish defendant's identity and absence of mistake (*see People v Giles*, 11 NY3d 495, 499 [2008]; *People v Molineux*, 168 NY 264, 293 [1901]) and provided necessary background information with respect to defendant's relationship with the CI (*see People v Tarver*, 2 AD3d 968, 969 [2003]). The court properly mitigated the prejudicial effect of this evidence by specifically limiting the testimony that the People were able to elicit at trial and by giving appropriate limiting instructions to the jury (*see People v Garcia*, 33 AD3d 1050, 1051 [2006], *lv denied* 9 NY3d 844 [2007]).

Defendant's contentions that County Court improperly admitted into evidence a digital scale, an audio recording of the controlled buy and testimony regarding cash that was discovered in defendant's pocket are unpreserved because he did not object to the court's rulings at trial (*see People v Peele*, 73 AD3d 1219, 1221 [2010], *lv denied* 15 NY3d 894 [2010]). Due to his failure to make the particular arguments before County Court, also unpreserved for our review are defendant's contentions that there was insufficient probable cause for his warrantless arrest because the information the police received from the CI failed the *Aguilar-Spinelli* test (*see People v High*, 18 AD3d 775, 775 [2005], *lv denied* 5 NY3d 789 [2005]) and that there was prosecutorial misconduct (*see People v Henry*, 64 AD3d 804, 806 [2009], *lv denied* 13 NY3d 860 [2009]). Finally, we are not convinced by defendant's contention that he was deprived of the right to a fair trial as a result of the cumulative effect of the aforementioned alleged errors.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.