People v Peterkin (2018 NY Slip Op 01681)





People v Peterkin


2018 NY Slip Op 01681


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108739

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH A. PETERKIN JR., Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 19, 2016, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts).
After a confidential informant (hereinafter CI) cooperated with police to conduct three controlled buys of crack cocaine from defendant, defendant was charged with three counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. A jury convicted him of all counts. Defendant appeals.
The CI's testimony, if believed, established that he purchased crack cocaine from defendant on three different occasions. Defendant argues that the verdict is against the weight of the evidence because the only evidence linking him to the crimes is the testimony of the CI and, according to defendant, the CI is "inherently unreliable" because he has an extensive criminal record and history of dishonesty, received favors for his testimony, and his testimony was internally inconsistent and inconsistent with the testimony of several police officers. "Where, as here, an acquittal would not have been unreasonable, our weight of the evidence review requires us to view the evidence in a neutral light and 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (People v Wright, 155 AD3d 1452, 1453 [2017], quoting People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]). Many, if not most, CIs [*2]have criminal records and receive favorable treatment for their efforts on behalf of the police. These circumstances do not render a CI's testimony incredible as a matter of law but, rather, are factors to be considered by the jury when determining whether the witness's testimony should be believed, in whole or in part (see People v Miles, 61 AD3d 1118, 1119 [2009], lv denied 12 NY3d 918 [2009]; People v Holliman, 12 AD3d 773, 775 [2004], lvs denied 4 NY3d 764, 831 [2005]).
Although none of the police officers saw defendant on these three occasions or observed any transactions (because one occurred inside defendant's apartment and the other two occurred outdoors at night), police officers searched the CI prior to the buys, observed the CI in the area of the buys, continuously monitored the CI over an audio transmitter, heard him converse with another male on each occasion and testified that the CI returned without the buy money but with a substance that was confirmed as cocaine and packaged the same way each time. This evidence tended to corroborate the CI's testimony. The CI was extensively questioned and subjected to cross-examination about his prior criminal convictions, that he cooperated with police in exchange for not being charged with aggravated unlicensed operation of a motor vehicle and the details surrounding each of the three controlled buys (see People v Wynn, 149 AD3d 1252, 1254-1255 [2017], lv denied 29 NY3d 1136 [2017]; People v Holliman, 12 AD3d at 775). Despite some of the CI's testimony being inconsistent with some of his other testimony and that of the police officers, "the jury had ample opportunity to assess [the CI's] testimony and credibility" (People v Holliman, 12 AD3d at 775; see People v Wright, 155 AD3d at 1454; People v Wynn, 149 AD3d at 1254-1255). "Giving deference to the jury's determination to accept the informant's testimony as credible, we cannot say that the verdict [is] against the weight of the evidence" (People v Carter, 57 AD3d 1017, 1018 [2008] [citations omitted], lvs denied 12 NY3d 781 [2009]; see People v Rose, 79 AD3d 1365, 1367 [2010]; People v Lawal, 73 AD3d 1287, 1289 [2010]).
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.