People v Brown (2018 NY Slip Op 05230)





People v Brown


2018 NY Slip Op 05230


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

108420

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DWUANE N. BROWN, Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Tracy Donovan-Laughlin, Oneonta, for appellant, and appellant pro se.
Kirk O. Martin, District Attorney, Owego, for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered March 7, 2016, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree.
Defendant was charged, in an eight-count indictment, with numerous drug and weapons crimes that arose out of allegations that defendant sold heroin to a confidential informant (hereinafter CI) as part of a controlled buy operation. Based upon the CI's identification of defendant from a photo array as the person who sold her heroin, police obtained a warrant for defendant's arrest. In executing the warrant at the residence believed to be defendant's, police received permission to search the apartment from the legal tenant, who also informed police that defendant was upstairs. Police thereafter found a handgun and, after obtaining an additional warrant, found, among other things, a pistol, ammunition, heroin, scales, 384 glassine envelopes, packaging material and a hypodermic needle. Following a jury trial, defendant was convicted of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. For the drug convictions, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 11 years, with three years of postrelease supervision. For the weapon conviction, defendant was sentenced to a prison term of 2 to 4 years, to run consecutively to the sentences for the drug [*2]convictions. Defendant now appeals.
Defendant contends that his convictions are against the weight of the evidence. At trial, the CI testified that she contacted Dakota Anthony for the purposes of obtaining defendant's contact information and that she communicated through Anthony to get to defendant. The CI also testified that she was working with the police who took her to a store in the Village of Waverly, Tioga County. Defendant and Anthony arrived in the parking lot of the store in a vehicle driven by defendant. The CI testified that when she got in the car, the drugs were passed from defendant to Anthony and then to the CI, and then the money was passed from the CI to Anthony and then to defendant. After the controlled buy, the CI was taken to the police station where she gave the packets of drugs that she had purchased to the police. Anthony also testified and largely corroborated the CI's testimony of the controlled buy.
Brian West, a police officer, also testified regarding the controlled buy and subsequent search of 5 Lincoln Street in Waverly where he found, among other things, a handgun with ammunition in the magazine, 384 glassine envelopes and digital scales. Julie Romano, a forensic scientist with the State Police, testified that those envelopes contained heroin. According to Romano, there was an aggregate weight of greater than one eighth of an ounce.
Jamie Trout, the legal tenant of 5 Lincoln Street, testified that he lived there with his wife, and that defendant stayed at their house about five nights a week. Trout testified that defendant would bring heroin into the house in small white wax paper bags. Trout further testified that he believed a jacket found in the laundry room belonged to defendant and that the heroin packets found inside the jacket did not belong to Trout. Trout's spouse also testified that the jacket found in the laundry room belonged to defendant and that, prior to the police arriving, defendant was in the laundry room for at least a minute before running upstairs.
Defendant's contention that the verdict was against the weight of the evidence largely centers on the unreliable nature of several of the People's witnesses. Here, the jury chose to credit the testimony of law enforcement witnesses, the CI, Trout, Trout's spouse and Anthony. Accordingly, viewing the evidence in a neutral light, and affording the jury due deference on matters of credibility determinations, we find that defendant's convictions were not against the weight of the evidence (see People v Miller, 160 AD3d 1040, 1043 [2018]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 22 NY3d 954 [2013]).
Finally we note that County Court erred in sentencing defendant for convictions of two counts of criminally using drug paraphernalia in the second degree, as defendant was acquitted of these counts of the indictment. Therefore, these sentences must be vacated.
We have examined the arguments raised in defendant's pro se brief and found them to be lacking in merit.
Egan Jr., J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentences imposed on two counts of criminally using drug paraphernalia in the second degree and, as so modified, affirmed.