■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBIN A. COLEMAN, Appellant. [760 NYS2d 263] —Kane, J. Appeal from a judgment of the County Court of Schenectady County (Ryan, J.), rendered December 15, 2000, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

On October 24, 1999, a confidential informant made two phone calls and eventually arranged a controlled drug buy from an individual with the street name "Shug," short for Sugar, later identified as defendant. These events were observed and tape-recorded by police investigators. Defendant was arrested months later. He moved for a *Wade* hearing, based on the informant's identification of defendant in a photo array. County Court held a *Rodriguez* hearing, after which it concluded that the informant's identification was confirmatory in nature, thus a *Wade* hearing was unnecessary and the informant would be permitted to identify defendant in court. Defendant also moved unsuccessfully to dismiss the indictment based on the People's alleged failure to deliver the purported controlled substance for testing within the statutorily required time (*see* CPL 715.50). The jury found defendant guilty of all counts, resulting in a sentence of two concurrent indeterminate prison terms of 10 to 20 years on the felony counts, plus a concurrent determinate prison term of one year on the misdemeanor. Defendant appeals.

Defendant contends that the indictment should have been dismissed based on the police department's failure to comply with CPL 715.50. That statute requires agencies having custody of alleged controlled substances in felony sale or possession cases to perform or arrange for performance of analysis within 45 days of the agency's receipt of such substances (*see* CPL 715.50 [1]). The police department did not deliver the purported substance to the State Police laboratory for analysis until February 14, 2000, more than 45 days beyond its receipt after the controlled buy on October 29, 1999. Although the statute states in mandatory language that the substance "shall" be delivered for testing within 45 days (CPL 715.50 [1]), another subsection of the statute uses the same mandatory language in a contradictory fashion, declaring that failure to comply with the statute's time limitations "*shall not* be deemed or construed to bar * * * the prosecution of a case involving such drugs" (CPL 715.50 [3] [emphasis added]). Absent bad faith or prejudice to defendant due to this delay, neither of

which was alleged here, the People may still present evidence regarding the nature and amount of the drugs (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 715.05, at 381; *People v Czarnowski,* 268 AD2d 701, 702 [2000]).

Defendant also contends that County Court erred in permitting the informant to identify defendant at trial because the legitimacy of the prior photo array identification was not proven. The People responded to defendant's motion for a *Wade* hearing by stating that the photo array identification was merely confirmatory in nature, falling within an exception obviating the need for a *Wade* hearing (*see People v Rodriguez,* 79 NY2d 445 [1992]). Pursuant to this narrowly construed exception, a *Wade* hearing may be dispensed with where the witness knows the defendant so well that police suggestiveness is not a concern (*see People v Dixon,* 85 NY2d 218, 224 [1995]; *People v Rodriguez, supra* at 452; *People v Gissendanner,* 48 NY2d 543, 552 [1979]). The People bear the burden of proving the witness's familiarity with the defendant, indicating that the identification procedure was merely confirmatory (*see People v Graham,* 283 AD2d 885, 886 [2001], *lv denied* 96 NY2d 940 [2001]). The whole issue is the extent of the prior relationship, "which is necessarily a question of degree" (*People v Rodriguez, supra* at 450). The Court of Appeals delineated the following factors to examine the relationship: the number of times the witness saw the defendant prior to the crime, the duration and nature of those encounters, time periods and setting of the viewings, time between the last viewing and the crime, and whether the two individuals had any conversations (*see id.* at 451). When the issue is sufficiently raised, the court must hold a hearing, considering these factors and permitting cross-examination by the defense, to determine whether a *Wade* hearing is necessary (*see People v Williamson,* 79 NY2d 799 [1991]; *People v Sydney,* 195 AD2d 763, 765-766 [1993]).

County Court held a *Rodriguez* hearing at which a police investigator was the sole witness. It is clear from the record that the investigator had scant and insufficient information regarding the above factors to allow the court to meaningfully answer the question before it. The investigator testified that the informant knew defendant between a year to a year and a half, whereas the facts and her grand jury testimony indicate that she knew defendant for six months. Although it was permissible for defendant to utilize grand jury testimony for impeachment, it was inappropriate at the hearing to rely on grand jury testimony, redacted and read into the record as evi-

dence in chief, since it was not subject to cross-examination (*see People v Bryan,* 206 AD2d 434, 435 [1994]). The investigator indicated that the informant knew defendant from 30 encounters or drug purchases from defendant and/or his alleged drug dealing partner, without any knowledge as to the apportionment of those encounters between defendant and his partner. The investigator also knew no specifics regarding any of these prior encounters. The informant knew defendant's alleged street name and his partner's phone number, which was used to reach defendant for the controlled buy, and recognized his voice on the phone. This phone recognition was irrelevant to a photo array, as the investigator provided no proof of any face-to-face conversations. Although this Court has affirmed a conviction where a lone police officer testified at the *Rodriguez* hearing to protect the confidential informant (*see People v Graham, supra*), the hearing testimony must satisfactorily illustrate the witness's familiarity with the defendant.

In this case, the People failed to meet their burden at the hearing because the meager facts known to the investigator were insufficient to establish the witness's relationship or familiarity with defendant. It is especially important for this matter to be determined prior to trial (*see People v Rodriguez, supra* at 449, 452-453, citing CPL 710.20 [6]; 710.60), as defendant cannot explore the identification issue at trial without bolstering the witness's identification and delving into prior uncharged crimes—the drug sales which were the alleged prior encounters—which the defense fought to have excluded from evidence.

Based on the People's failure to establish their entitlement to the exception from *Wade,* we shall hold this appeal in abeyance pending a postjudgment *Wade* hearing to determine whether any police suggestiveness tainted the identification procedure. If so, defendant is entitled to a new trial and such further proceedings as the circumstances may warrant. If the People are successful at the *Wade* hearing, the case may return to this Court for final determination. In view of the foregoing, we do not reach defendant's remaining contentions at this juncture.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is withheld and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.