■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERROD COLEMAN, Appellant. [903 NYS2d 431]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 2, 2006, convicting him of robbery in the third degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated March 31, 2009, this Court remitted the matter to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony and, more particularly, on the issue of whether the photographic identifications were merely confirmatory in nature and, if not, whether the photographic identification procedures employed were unduly suggestive, and held the appeal in abeyance in the interim (*see People v Coleman*, 60 AD3d 1079 [2009]). The Supreme Court, Kings County, has now filed its report.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is Ordered, to be preceded by a hearing to determine whether an independent source for the identifications exists.

In *People v Coleman* (60 AD3d at 1080), we concluded that the Supreme Court erred in determining, without a hearing, that the out-of-court photographic identifications made by the complaining witness were confirmatory in nature. We held the appeal in abeyance, and remitted the matter to the Supreme Court to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony

and, more particularly, on the issue of whether the photographic identifications were merely confirmatory in nature (*see People v Rodriguez*, 79 NY2d 445 [1992]) and, if not, whether the photographic identification procedures employed were unduly suggestive (*see United States v Wade*, 388 US 218 [1967]). On remittitur, the Supreme Court concluded, after a *Rodriguez* hearing, that the identifications were confirmatory. The Supreme Court also conducted a *Wade* hearing and held, in the alternative, that the identification procedures were not unduly suggestive. We now reverse and, inter alia, order a new trial.

The People bear the burden at a *Rodriguez* hearing to demonstrate that the identification was merely confirmatory because "the witness [knew the] defendant so well as to be impervious to police suggestion" (*People v Rodriguez*, 79 NY2d at 452; *see People v Jacobs*, 65 AD3d 594, 595 [2009]). Factors relevant to the issue of prior familiarity include, but are not limited to, the number of times the victim viewed the defendant before the crime, the duration and nature of the encounters, the setting, the period of time over which the viewings occurred, the time elapsed between the crime and the viewings, and whether the victim and defendant had any conversations (*see People v Rodriguez*, 79 NY2d at 451; *People v Coleman*, 306 AD2d 549, 550 [2003]). The confirmatory identification exception requires a case-by-case analysis which "rests on the length and quality of prior contacts between [the] witness and [the] defendant, but always requires a relationship which is more than 'fleeting or distant' " (*People v Waring*, 183 AD2d 271, 274 [1992], quoting *People v Collins*, 60 NY2d 214, 219 [1983]).

Here, the evidence at the *Rodriguez* hearing, introduced through a police detective, established that the complaining witness saw the defendant in his neighborhood an unknown number of times over an approximately three-month period prior to the alleged robbery. The detective testified that the complaining witness viewed the defendant "every day"—a frequency which varied from the complaining witness's grand jury testimony that he saw the defendant "every other day." The detective also testified that the complaining witness provided the police with an alleged nickname of the defendant. Furthermore, according to the detective, the complaining witness never spoke to, interacted with, or conversed with the defendant. No evidence was offered as to the length of the viewings, the distance at which they took place, the time of day, or the lighting conditions. Although no single factor is determinative, under the totality of the circumstances, we find that the People failed to sustain their burden of establishing that the de-

fendant was so well known to the complaining witness that he was impervious to police suggestion (*see People v Waring*, 183 AD2d at 273-274; *see also People v Coleman*, 306 AD2d at 551).

"While the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). However, where the People fail to sustain their initial burden, the burden of establishing that the identification was unduly suggestive never shifts to the defendant (*see People v Ortiz*, 90 NY2d 533, 538 [1997]). The requirement that the People come forward at the *Wade* hearing rests upon a recognition that "in many instances a defendant simply does not know the facts surrounding a pretrial identification procedure and thus cannot make specific factual allegations" (*People v Rodriguez*, 79 NY2d at 453; *see People v Ortiz*, 90 NY2d at 538; *People v Dixon*, 85 NY2d 218, 222 [1995]).

Here, at the *Wade* hearing, the People offered only the testimony of a detective who conducted a photograph identification procedure a few months after the crime (*see People v Thornton*, 236 AD2d 430 [1997]). The detective did not conduct, and was not present during, the prior photographic array identification procedure. He could not answer any questions as to what, if anything, was said before or during the identification procedure, or provide any details as to the attendant circumstances. Under these circumstances, we find that the People failed to meet their initial burden at the *Wade* hearing (*see People v Ortiz*, 90 NY2d at 538).

Accordingly, the defendant is entitled to a new trial, to be preceded by a hearing to determine whether an independent source for the identifications exists (*see People v Redding*, 65 AD3d 1059, 1060 [2009]; *see also People v Burts*, 78 NY2d 20, 23-24 [1991]).

The defendant's remaining contentions are academic in light of the foregoing. Mastro, J.P., Covello, Eng and Leventhal, JJ., concur.