*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                    106873
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

HENRY SMITH, Also Known as
    POPS,
                        Appellant.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

                    _____


        Craig Meyerson, Latham, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered May 30, 2014 in Albany County, upon a verdict convicting
defendant of the crime of criminal sale of a controlled substance
in the third degree.

        In late March 2013 or early April 2013, Tyson Ruecker, a
detective assigned to the Community Response Unit of the Albany
Police Department, was approached by a confidential informant
(hereinafter CI) — with whom Ruecker had worked extensively for
approximately 18 months — and given information regarding a
potential drug "target" known as "Pops."  According to the CI,
Pops was selling drugs out of a basement apartment located on
Madison Avenue in the City of Albany.  Based upon the information

provided by the CI, which included, among other things, a physical description of Pops, as well as information derived from another detective who was familiar with defendant, Ruecker showed the CI a single photo of defendant and asked the CI if he recognized the individual depicted therein. In response, the CI indicated that the person in the photo was "the individual that he kn[e]w as Pops." The photo identification of defendant occurred on April 4, 2013. With the CI's assistance, a controlled buy then was arranged for the afternoon of April 12, 2013, at which time the CI purchased a quantity of a substance from defendant that field tested positive for crack cocaine.

Defendant thereafter was indicted and charged with one count of criminal sale of a controlled substance in the third degree. Prior to trial, defendant requested a Wade hearing to challenge the CI's pre-buy identification of him as the individual known to the CI as Pops. The People opposed defendant's request for a Wade hearing, arguing that the CI's identification was merely confirmatory, but consented to a Rodriguez hearing to establish the CI's familiarity with defendant. Supreme Court conducted a Rodriguez hearing, at which Ruecker was the sole witness to appear and testify, and thereafter concluded that the People had demonstrated, beyond a reasonable doubt, that the CI's identification of defendant was merely confirmatory. Accordingly, Supreme Court denied defendant's motion to suppress the pretrial identification. Following a jury trial, defendant was convicted as charged and thereafter was sentenced to eight years in prison followed by three years of postrelease supervision. This appeal by defendant ensued.[1]

_____

[1] Although defendant initially argued that Supreme Court erred in refusing to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal sale of a controlled substance in the third degree where the defense of agency had been submitted to the jury, defendant conceded in his reply brief that the Court of Appeals considered and rejected this very argument in People v Davis (14 NY3d 20 [2009]). As defendant acknowledges that Davis is controlling on this point, no further discussion of this issue is required.

Initially, we reject defendant's claim that the alleged lack of specificity in the indictment relative to the time of the underlying drug transaction deprived him of the ability to prepare an adequate defense. "The purpose of an indictment is to provide a defendant with fair notice of the charges against him or her, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to answer the charges and prepare an adequate defense" (People v Williams, 132 AD3d 785, 785-786 [2015] [internal quotation marks and citation omitted]; see People v Morris, 61 NY2d 290, 293 [1984]). Although an indictment must contain, among other things, "[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]), the statute itself "does not require [that] the exact date and time" be set forth (People v Morris, 61 NY2d at 294). Accordingly, when time is not an essential element of the crime charged, "the indictment 'may allege the time in approximate terms'" (People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013], quoting People v Watt, 81 NY2d 772, 774 [1993]; see People v Morris, 61 NY2d at 295). Further, "[a] mistake with respect to date, time or place is a technical defect rather than a jurisdictional defect vital to the sufficiency of the indictment" (People v Dudley, 28 AD3d 1182, 1183 [2006] [internal quotation marks and citations omitted], lvs denied 7 NY3d 788, 791 [2006]).

Here, the indictment alleged that the underlying drug transaction occurred "at approximately 4:16 p.m." on April 12, 2013; the CI testified at trial that he was involved in a controlled buy operation, which included being searched and provided with a recording device, beginning at approximately 4:30 p.m. on that date, and Ruecker testified that he believed that the controlled buy took place "a little after" 6:00 p.m. on that date. Time is not an essential element of criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]; People v Slingerland, 101 AD3d at 1266), and we are not persuaded that the less than two-hour discrepancy at issue deprived defendant of the opportunity to prepare an adequate defense (see People v Miller, 226 AD2d 833, 834 [1996], lv denied 88 NY2d 939 [1996]).

As to the issue of whether Supreme Court erred in denying defendant's motion to suppress the CI's identification of him without conducting a Wade hearing, "a Wade hearing is not required when the witness is so familiar with the defendant that there is little or no risk that police suggestion could lead to a misidentification" (People v Casanova, 119 AD3d 976, 980 [2014] [internal quotation marks, brackets and citations omitted]; see People v Boyer, 6 NY3d 427, 432 [2006]; People v Rodriguez, 79 NY2d 445, 453 [1992]; People v Hines, 132 AD3d 1385, 1386 [2015], lv denied ___ NY3d ___ [Jan. 12, 2016]; People v Sanchez, 75 AD3d 911, 912 [2010], lv denied 15 NY3d 895 [2010]).  Where, as here, the People assert that the pretrial identification was merely confirmatory, the People bear the burden of "prov[ing] the witness's sufficient familiarity with the defendant at a Rodriguez hearing" (People v Sanchez, 75 AD3d at 912).  "Although the People are not obligated to call the identifying witness at [the] Rodriguez hearing" (People v Graham, 283 AD2d 885, 887 [2001], lv denied 96 NY2d 940 [2001]), they nonetheless must come forward with "sufficient details of the extent and degree of the protagonists' prior relationship" with one another (id. at 887; see People v Carter, 57 AD3d 1017, 1018 [2008], lvs denied 12 NY3d 781 [2009]).  Relevant factors to be considered in this regard include "the number of times the witness saw the defendant prior to the crime, the duration and nature of those encounters, time periods and setting of the viewings, time between the last viewing and the crime, and whether the two individuals had any conversations" (People v Sanchez, 75 AD3d at 912; accord People v Casanova, 119 AD3d at 980; see People v Coleman, 73 AD3d 1200, 1202 [2010]).

Here, Ruecker testified that the CI provided him with a physical description of Pops ("[e]lderly black male, bald, sometimes wearing glasses, approximately [5 feet 10 inches tall], [weighing] over 200 [pounds]"), together with a phone number for Pops and the location of the basement apartment from which Pops was selling drugs.  According to Ruecker, the CI had known Pops for approximately six weeks prior to bringing Pops to the attention of law enforcement, during which time the CI had driven a number of people to meet Pops in order to buy drugs.  The CI informed Ruecker that he was present for some of the actual drug transactions, which occurred either in the identified basement

apartment or a nearby parking lot, and that he had interacted with Pops "several" times during that six-week period.  When pressed as to the precise number of occasions upon which the CI and Pops met during that time period, Ruecker testified that the CI drove other people to Pops' location to purchase drugs on "[a]pproximately four occasions."

Upon reviewing Ruecker's testimony at the <u>Rodriguez</u> hearing — specifically with respect to the CI's detailed physical description of Pops and the number of occasions upon which they met within the relatively short period of time preceding the controlled buy — we are satisfied that the People established that the CI's relationship with defendant was "more than fleeting or distant" (<u>People v Coleman</u>, 73 AD3d at 1202 [internal quotation marks and citations omitted]).  Accordingly, as the record supports a finding that the CI's pre-buy identification of defendant as the individual known to him as Pops was confirmatory in nature (<u>see</u> <u>People v Colon</u>, 307 AD2d 378, 379-380 [2003], <u>lv denied</u> 100 NY2d 619 [2003]), we cannot say that Supreme Court erred in denying defendant's motion to suppress without conducting a <u>Wade</u> hearing.  Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court