People v Morris (2018 NY Slip Op 07200)





People v Morris


2018 NY Slip Op 07200


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

108595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TYRON E. MORRIS, Appellant.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant, and appellant pro se.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered August 3, 2015, convicting defendant following a nonjury trial of the crime of criminal sale of a controlled substance in the third degree.
Defendant was arrested for criminal sale of a controlled substance in the third degree stemming from allegations that he sold heroin to a confidential informant (hereinafter CI). County Court denied defendant's motion to preclude identification testimony, finding that the CI's identification of defendant from a photograph was confirmatory in nature. Following a nonjury trial, the court found defendant guilty of the sole count and sentenced him, as a second felony offender, to a prison term of 10 years to be followed by three years of postrelease supervision. Defendant appeals.
The verdict is not against the weight of the evidence. Scientific testing established that the substance that the CI purchased was heroin. A police investigator testified that he did not see the seller, but listened to the drug transaction in real time over a recording device. The only disputed issue was whether defendant was the person who sold the heroin to the CI. Defendant contends that the CI was unworthy of belief because he received favorable treatment in exchange for assisting the police, and because his testimony was inconsistent regarding when he first met defendant and whether he saw defendant after the sale at issue. These circumstances do not render a person's testimony incredible as a matter of law, but are merely factors for the factfinder to consider when assessing the witness's credibility (see People v Peterkin, 159 AD3d 1196, 1197 [2018], lv denied 31 NY3d 1151 [2018]; People v Wynn, 149 AD3d 1252, 1254-1255 [2017], lv denied 29 NY3d 1136 [2017]). Giving deference to County Court's credibility determinations, reached after the CI was subjected to extensive cross-examination on these issues, we find that the verdict is not against the weight of the evidence (see People v Peterkin, 159 AD3d at 1198).
County Court did not err in denying defendant's motion to preclude identification testimony. The People are generally required to give notice if they intend to offer testimony regarding a witness's observation of the defendant at the time of the offense, with such evidence being precluded if notice is not given (see CPL 710.30; People v Pacquette, 25 NY3d 575, 578 [2015]). "The statutory scheme ensures that the identifications are not the product of undue suggestiveness, and lessens the possibility of misidentification" (People v Boyer, 6 NY3d 427, 431 [2006] [citations omitted]; see People v Rodriguez, 79 NY2d 445, 449 [1992]). However, the Court of Appeals has recognized a confirmatory identification exception. Under that exception, CPL 710.30 does not apply — so no CPL 710.30 notice or Wade hearing is required — because there is no risk of misidentification where a court finds that the identifying witness knew the "defendant so well that no amount of police suggestiveness could possibly taint the identification" (People v Rodriguez, 79 NY2d at 453; accord People v Boyer, 6 NY3d at 432). Relevant factors for a court to consider when determining whether the witness is sufficiently familiar with the defendant include "the number of times the witness saw the defendant prior to the crime, the duration and nature of those encounters, time periods and setting of the viewings, time between the last viewing and the crime, and whether the two individuals had any conversations" (People v Sanchez, 75 AD3d 911, 912 [2010], lv denied 15 NY3d 895 [2010]; accord People v Smith, 137 AD3d 1323, 1326 [2016], lvs denied 28 NY3d 973, 974 [2016]).
At the hearing, the CI testified that he met defendant while the CI was driving a taxi, with their first encounter lasting approximately 20 minutes. He interacted with defendant a total of six or seven times before the drug sale at issue, including once when he drove defendant in the front seat of the taxi and conversed with him for approximately 30 minutes and once when defendant went to the CI's house to discuss renting a room from the CI. The time between their last encounter and the crime was perhaps a month. Considering the multiple close-range conversations the CI engaged in with defendant for lengthy periods on numerous occasions, County Court did not err in concluding that the CI was sufficiently familiar with defendant such that the identification was confirmatory (see People v Rodriguez, 79 NY2d at 450; People v Smith, 137 AD3d at 1326-1327).
We have considered the arguments that defendant raised in his pro se brief and conclude that they are without merit.
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.