People v Harwood (2020 NY Slip Op 02594)





People v Harwood


2020 NY Slip Op 02594


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1059 KA 19-01107

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
SADIE L. HARWOOD, DEFENDANT-RESPONDENT.






GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR APPELLANT. 
SESSLER LAW, PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), dated December 19, 2018. The order, insofar as appealed from, granted in part the omnibus motion of defendant by reducing counts one and two of the indictment from assault in the first degree to attempted assault in the first degree. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law, that part of defendant's omnibus motion seeking to dismiss or reduce the indictment is denied, counts one and two of the indictment are reinstated, and the matter is remitted to Livingston County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order that, inter alia, granted that part of defendant's omnibus motion seeking to dismiss or reduce counts one and two of the indictment based on the alleged legal insufficiency of the evidence before the grand jury by reducing those counts from assault in the first degree (Penal Law § 120.10 [1], [2]) to attempted assault in the first degree (§§ 110.00, 120.10 [1], [2]) on the ground that there was insufficient evidence that the
eight-year-old victim suffered serious disfigurement. We agree with the People that the evidence before the grand jury was legally sufficient to demonstrate that the victim had suffered serious disfigurement, and we therefore reverse.
The grand jury "must have before it evidence legally sufficient to establish a prima facie case, including all the elements of the crime, and reasonable cause to believe that the accused committed the offense to be charged" (People v Jensen, 86 NY2d 248, 251-252 [1995]). Legally sufficient evidence is defined as " competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' " (People v Swamp, 84 NY2d 725, 730 [1995], quoting CPL 70.10 [1]). The court "must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted . . . would warrant conviction" (id.; see Jensen, 86 NY2d at 251).
Under Penal Law § 120.10 (1), the offense charged under count one of the indictment, a person is guilty of assault in the first degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."
" Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ"
(§ 10.00 [10]). Under Penal Law § 120.10 (2), the offense charged under count two of the indictment, a person is guilty of assault in the first degree when, "[w]ith intent to disfigure another person seriously and permanently . . . , he [or she] causes such injury to such person."
Here, the evidence before the grand jury included the testimony of the victim, the victim's medical records, and photographs of the victim taken on the day of the incident. The evidence established that, as a result of the assault, the victim sustained "two significant lacerations to her anterior neck," which were 3-4 and 5-6 centimeters long, respectively, with soft tissue defects and exposure of underlying subcutaneous fat. The lacerations required at least 10 sutures to close. We conclude that the grand jury could reasonably infer from the evidence that the sutured wounds resulted in permanent scars (see People v Irwin, 5 AD3d 1122, 1122 [4th Dept 2004], lv denied 3 NY3d 642 [2004]; see generally People v Gagliardo, 283 AD2d 964, 964 [4th Dept 2001], lv denied 96 NY2d 901 [2001]). We further conclude that, when "viewed in context, considering [their] location on the body" (People v McKinnon, 15 NY3d 311, 315 [2010]), the grand jury could reasonably infer that the scars would "make the victim's appearance distressing or objectionable to a reasonable person observing her" (id. at 316; cf. People v Stewart, 18 NY3d 831, 832 [2011]).
All concur except DeJoseph and NeMoyer, JJ., who dissent and vote to affirm in the following memorandum: We disagree with the majority's conclusion that the evidence before the grand jury was legally sufficient to demonstrate that the eight-year-old victim had suffered serious disfigurement. Instead, we conclude that County Court correctly reduced counts one and two of the indictment from assault in the first degree (Penal Law § 120.10 [1], [2]) to attempted assault in the first degree (§§ 110.00, 120.10 [1], [2]). We therefore dissent, and would affirm the order.
The underlying incident occurred on October 4, 2017. The victim testified before the grand jury over eight months later, on June 27, 2018. The grand jury, however, was not shown any contemporaneous photograph of the victim's neck, and there is no indication in the grand jury transcript that the grand jury had the opportunity to observe her exposed neck. The medical records referenced by the majority include only records from the victim's initial emergency room visit, i.e., records dated between October 4, 2017 and October 6, 2017. Those records do not include any prognosis for the victim or, specifically, any indication that the victim would have future scarring. Similarly, the photographs of the victim that were shown to the grand jury were taken on the day of the incident.
As noted by our colleagues in the majority, a victim "is seriously' disfigured when a reasonable observer would find [his or] her altered appearance distressing or objectionable" (People v McKinnon, 15 NY3d 311, 315 [2010]). We further note, however, that, while "[a] contemporaneous photograph or description is not necessary in every case where a victim's wound is shown to a jury[,] . . . it is necessary where . . . there is no other evidence in the record supporting an inference that what the jury saw amounted to serious disfigurement" (id. at 316).
In view of the foregoing, we conclude that "[t]his limited record is not sufficient to support a finding of serious disfigurement" (id.), inasmuch as the evidence presented to the grand jury, viewed in the light most favorable to the People, if unexplained and uncontradicted, would not warrant a conviction (see generally People v Jensen, 86 NY2d 248, 251-252 [1995]). In reaching that conclusion, we are not minimizing the nature of the victim's injuries, but instead are simply constrained by the lack of proof to support any inference that what the grand jurors saw or heard amounted to a serious disfigurement.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court