People v Ellis (2021 NY Slip Op 05353)





People v Ellis


2021 NY Slip Op 05353


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2018-08202
 (Ind. No. 448/16)

[*1]The People of the State of New York, respondent,
v
Owen Ellis, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Cristin N. Connell and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered June 18, 2018, convicting him of robbery in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived his claim that the two counts of the indictment of which he was convicted were barred by the statute of limitations by not making a timely, written motion to dismiss on that ground (see CPL 255.10[1][a]; 255.20[1]; People v Sylvestre, 123 AD3d 743, 744; People v Bones, 17 AD3d 689, 691; People v Verkey, 185 AD2d 622, 623-624; People v De Pillo, 168 AD2d 899).
Contrary to the defendant's contention, the Supreme Court properly admitted the complainant's grand jury testimony during the People's case. The purpose of a Sirois hearing (see People v Sirois, 92 AD2d 618; Matter of Holtzman v Hellenbrand, 92 AD2d 405) is "to determine whether the defendant has procured a witness's absence or unavailability through his own misconduct, and thereby forfeited any hearsay or Confrontation Clause objections to admitting the witness's out-of-court statements" (Cotto v Herbert, 331 F3d 217, 225-226 [2d Cir]; see People v Geraci, 85 NY2d 359, 365-366). The People bear the burden of establishing at the Sirois hearing, by clear and convincing evidence, that the defendant engaged in conduct aimed at preventing the witness from testifying and caused that witness's decision not to testify or to plead the Fifth Amendment (see People v McCune, 98 AD3d 631, 632). Here, at the Sirois hearing, the People established that the complainant began cooperating with the prosecution in 2015 after he was arrested on an unrelated charge. The complainant testified for the People before the grand jury and was set to testify at a Rodriguez hearing (see People v Rodriguez, 79 NY2d 445). The People further established, by clear and convincing evidence, that by October 27, 2017, when the Rodriguez hearing was set to commence, the complainant was refusing to cooperate because he and his family were being directly and indirectly threatened by the defendant and the complainant had been attacked in his jail cell. Under the circumstances of this case, the People established, by clear and convincing evidence, that the defendant engaged in conduct aimed at preventing the witness from testifying and caused that witness's decision not to testify (see People v McCune, 98 AD3d at 632).
At the Rodriguez hearing, the People established that the complainant had sufficient familiarity with the defendant so that his photographic identification was merely confirmatory (see People v Shepard, 138 AD3d 895, 896; People v Jacobs, 65 AD3d 594, 595; cf. People v Coleman, 73 AD3d 1200, 1202-1203). The People properly established this prior knowledge through the testimony of a detective (see People v Jacobs, 65 AD3d at 595; People v Waterman, 56 AD3d 329).
The Supreme Court providently exercised its discretion in admitting testimony as to the complainant's out-of-court statements that he went to the defendant's home after the burglary and shot at the defendant near his home. The declaration against penal interest exception to the hearsay rule is based on "the belief that a statement asserting matters directly endangering one's penal interest by admitting facts that may lead to criminal liability is unlikely to be deliberately false" (People v Settles, 46 NY2d 154, 167; see People v Shabazz, 22 NY3d 896, 898; People v Brensic, 70 NY2d 9, 14). "[B]efore statements of a nontestifying third party are admissible as a declaration against penal interest, the proponent must satisfy the court that four prerequisites are met: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction, or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability" (People v Brensic, 70 NY2d at 15; see People v Ennis, 11 NY3d 403, 412-413; People v Settles, 46 NY2d at 167). Third-party statements used against the accused may be admitted only when competent independent evidence is presented to establish that the declaration was spoken under circumstances which render it highly probable that it is truthful (see People v Brensic, 70 NY2d at 14-15).
Here, the People established that the complainant was unavailable to testify (see People v Carpenito, 171 AD2d 45, 53, affd 80 NY2d 65; see also Matter of Holtzman v Hellenbrand, 92 AD2d 405). The statement was clearly and unambiguously against the complainant's penal interest (see generally People v James, 93 NY2d 620, 643). The complainant had competent knowledge of the matter under discussion. The fourth factor was also satisfied because the People presented sufficient competent evidence independent of the declaration which fairly tended to support the facts asserted and assure its trustworthiness and reliability (see People v Brensic, 70 NY2d at 14-15).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Contrary to the defendant's contention in his pro se supplemental brief, defense counsel's withdrawal of his request for a missing witness charge with respect to a detective involved in the initial stages of the investigation did not constitute ineffective assistance of counsel under the circumstances presented, as the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Benevento, 91 NY2d 708, 712; People v Caldavado, 166 AD3d 792, 794).
The remaining contention raised in the defendant's pro se supplemental brief is unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court