People v Alcaraz-Ubiles (2023 NY Slip Op 01637)

People v Alcaraz-ubiles

2023 NY Slip Op 01637

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

998 KA 16-02353

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID S. ALCARAZ-UBILES, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 3, 2016. The judgment convicted defendant upon a jury verdict of assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the first degree (Penal Law § 120.10 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends, inter alia, that Supreme Court erred in relying on evidence at trial to determine that the pretrial identification of him in a photograph by a prosecution witness was confirmatory, thus obviating the requirement that the People provide notice of the identification to defendant pursuant to CPL 710.30. We agree and therefore "remit the matter to the trial court for a hearing to determine whether the witness knew defendant so well that no amount of police suggestiveness could have tainted the identification" (People v Kahley, 214 AD2d 960, 961 [4th Dept 1995]; see People v Rodriguez, 79 NY2d 445, 452-453 [1992]).
The witness in question disclosed on cross-examination at trial that he had identified defendant as the assailant in a photograph shown to him by the police. The People's CPL 710.30 notice did not reference this identification. Defense counsel thus asked the court to strike the witness's testimony on the ground of lack of notice, but the court, relying on the witness's trial testimony, ruled that the People were not required to give notice because the identification was confirmatory. That was error. As the Court of Appeals has made clear, "prior familiarity should not be resolved at trial in the first instance" (Rodriguez, 79 NY2d at 452; see also People v Carmona, 37 NY3d 1016, 1017 [2021]), and, in any event, the witness's trial testimony was not sufficient to establish as a matter of law that the identification was confirmatory.
Although the witness testified that he knew defendant because he had seen him "a couple of times" at the barber shop, and that the two had each other's phone numbers, he also testified that he did not know defendant well, that he knew him only by a common nickname, and that they never spoke again after the assault. A midtrial Rodriguez hearing would have allowed defense counsel to flesh out the extent of the relationship between the two men, thereby allowing the court to make a more informed determination as to whether the pretrial identification of defendant was confirmatory as a matter of law.
Finally, we conclude that the error is not harmless because, even assuming, arguendo, that the proof of defendant's guilt, without reference to the error, is overwhelming, it cannot be said [*2]that "there is no reasonable possibility that the error might have contributed to defendant's conviction" (People v Crimmins, 36 NY2d 230, 237 [1975]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court