People v Reeves (2025 NY Slip Op 00989)

People v Reeves

2025 NY Slip Op 00989

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2018-11499
 (Ind. No. 2041/17)

[*1]The People of the State of New York, respondent,
v
Carine Reeves, appellant.

Patricia Pazner, New York, NY (Hannah Kon and Paul, Weiss, Rifkind, Wharton & Garrison LLP [Richard Tarlowe, Chaka Laguerre, Tian Lei, and Emily Sasso], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Moore, and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered August 16, 2018, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Evelyn L. Braun, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
For his act of slashing the complainant across her face with a sharp or edged instrument, causing an 11-centimeter laceration reaching from inside the complainant's ear to under her eye that resulted in, inter alia, a permanent facial scar, the defendant was convicted of two counts of assault in the first degree.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress evidence regarding the complainant's identification of the defendant. The People established that the complainant had sufficient familiarity with the defendant so that her photographic identification of him was merely confirmatory (see People v Ellis, 198 AD3d 674, 675; People v Jacobs, 65 AD3d 594, 595; cf. People v Coleman, 73 AD3d 1200, 1202-1203). The People properly established the complainant's prior knowledge through the testimony of a detective (see People v Ellis, 198 AD3d at 675; People v Jacobs, 65 AD3d at 595).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00(10) in that she suffered serious and permanent disfigurement (see People v McKinnon, 15 NY3d 311, 315; People v Gomez, 225 AD3d 710, 712; People v Harwood, 183 AD3d 1281, 1282; People v Gadson, 190 AD2d 860, 861). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor [*2](see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The Supreme Court did not improvidently exercise its discretion in permitting the People to call a witness out of turn (see People v Singleton, 41 NY2d 402, 405; People v Toussaint, 74 AD3d 846, 847; People v Duplessis, 16 AD3d 846, 847).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. After review of the pretrial and trial records in their entirety, and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (see People v Guiebre, 224 AD3d 773, 775; People v Lewis, 215 AD3d 982, 983; People v Bell, 298 AD2d 398, 398). "Trial counsel cannot be deemed ineffective for failing to make an objection or motion that would have little chance of success" (People v Bell, 188 AD3d 904, 906; see People v Caban, 5 NY3d 143, 152).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court