People v Carmona (2025 NY Slip Op 06616)

People v Carmona

2025 NY Slip Op 06616

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-03434
 (Ind. No. 8420/11)

[*1]The People of the State of New York, respondent,
v
Vincent Carmona, appellant.

Rosenberg Law Firm, Brooklyn, NY (Jonathan Rosenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered March 3, 2014, as amended March 8, 2023 (Rhonda Tomlinson, J.), upon remittitur from the Court of Appeals (see People v Carmona, 37 NY3d 1016), which brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the amended judgment is affirmed.
Upon remittitur, the People established at a Rodriguez hearing (see People v Rodriguez, 79 NY2d 445) that the complainant had sufficient familiarity with the defendant so that the complainant's photographic identification of the defendant was merely confirmatory (see People v Ellis, 198 AD3d 674, 675; People v Jacobs, 65 AD3d 594, 595). Since the complainant had died prior to the Rodriguez hearing, the People properly established the complainant's prior knowledge and familiarity through the testimony of former Assistant District Attorney Andres Palacio, who was the lead prosecutor in this case. Palacio spoke with the complainant during trial preparation and testified that the complainant knew the defendant by the nickname "Chulo" and saw the defendant in his neighborhood on a weekly basis for approximately three to four years leading up to the shooting. Palacio testified that while the complainant was hospitalized following the shooting, but before the police interviewed him, the complainant wrote a series of notes indicating that Chulo had shot him. Palacio further testified that a police investigation revealed that the defendant's nickname was Chulo.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court